UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, <br><br>  Plaintiff, <br><br> v. <br><br> **ACD EMERGENCY ROAD SERVICES, LLC,** an Illinois limited liability company, **CAMARA BOWDEN**, an individual, and **DANTEA GRAYSON**, an individual, <br><br>  Defendants. | Case Number: 21-cv-02118 <br><br> Judge: <br><br> Magistrate Judge: |

## COMPLAINT

Plaintiff, **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin and restrain Defendants **ACD EMERGENCY ROAD SERVICES, LLC,** a Illinois limited liability company, **CAMARA BOWDEN**, an individual, and **DANTEA GRAYSON**, an individual (hereinafter collectively "Defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) (the "Act"), and to restrain Defendants from any withholding of compensation found by the Court to be due under the Act to employees.

I

Jurisdiction of this action is conferred upon the Court by section 17 of the Act, 29 U.S.C. § 217, and 28 U.S.C. § 1345.

II

(A) Defendant **ACD EMERGENCY ROAD SERVICES, LLC,** is and, at all times hereinafter mentioned, was a Illinois limited liability company with an office and a place of business at 10 East Garfield, Blvd., Chicago, Illinois 60615, in Cook County within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in provision of towing and roadside emergency services and in the performance of related types of activities.

(B) **CAMARA BOWDEN**, is and, at all times hereinafter mentioned, was vice president and 50% owner of **ACD EMERGENCY ROAD SERVICES, LLC,** who currently resides in Chicago, Illinois, in Cook County and within the jurisdiction of this Court. **CAMARA BOWDEN** is and, at all times hereinafter mentioned, was engaged in business within Cook County, and acted directly or indirectly in the interest of **ACD EMERGENCY ROAD SERVICES, LLC,** in relation to its employees by paying employees, setting rates of pay, giving directions to employees, overseeing the day-to-day operations, and misclassifying employees as independent contractors and was an employer within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d).

(C) **DANTEA GRAYSON**, is and, at all times hereinafter mentioned, was president and 50% owner of **ACD EMERGENCY ROAD SERVICES, LLC,** who currently resides in Chicago, Illinois, in Cook County and within the jurisdiction of this Court. **DANTEA GRAYSON** is and, at all times hereinafter mentioned, was engaged in business within Cook County and acted directly or indirectly in the interest of **ACD EMERGENCY ROAD SERVICES, LLC,** in relation to its employees by paying employees, setting rates of pay, giving directions to employees, and misclassifying employees as independent contractors and was an employer within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d).

III

**ACD EMERGENCY ROAD SERVICES, LLC,** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r).

IV

**ACD EMERGENCY ROAD SERVICES, LLC,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants misclassified their tow truck drivers, light truck service technicians, dispatchers, shop helpers, and bookkeepers (collectively, "ACD's workers") as independent contractors. At all times mentioned herein, ACD's workers were employees within the meaning of sections 3(e)(1) and 3(g) of the Act, 29 U.S.C. § 203(e)(1) and (g). ACD's workers were economically dependent on Defendants, because, among other things:

    (a)    Defendants controlled the work of ACD's workers;

    (b)    Defendants set the rates of pay for ACD's workers;

(c) Defendants required some of ACD's workers to sign annual employment contracts;

(d) ACD's workers performed work integral to Defendants' business;

(e) ACD's workers' investments were limited to tool kits and uniforms Defendants required them to purchase through payroll deductions;

(f) ACD's workers lacked any opportunity for profit or loss; and

(g) ACD's workers performed work requiring limited skill and initiative.

## VI

Defendants **ACD EMERGENCY ROAD SERVICES, LLC, CAMARA BOWDEN** and **DANTEA GRAYSON** repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees wages at a rate of less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked. Specifically, Defendants took various deductions, including but not limited to deductions for traffic tickets, vehicle damage, uniforms, tools, and failures to give a 30-day notice when leaving employment, from the pay of Defendants' tow truck drivers and light truck service technicians, resulting in not compensating said employees at rates of at least $7.25 per hour.

## VII

Defendants **ACD EMERGENCY ROAD SERVICES, LLC, CAMARA BOWDEN** and **DANTEA GRAYSON** repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who in workweeks were engaged

in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed by paying employees their regular rates for all hours worked, including hours in excess of 40 hours per week. Specifically, Defendants misclassified their employees as independent contractors and failed to pay the overtime premium for hours worked in excess of 40 in a workweek.

## VIII

Defendants repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show, adequately and accurately, the overtime premium paid exclusive of the amounts paid at the regular rate. Defendants also failed to keep pay records for the period from December 1, 2018, to December 28, 2019, for one shop helper.

## IX

During the period since December 28, 2017, Defendants **ACD EMERGENCY ROAD SERVICES, LLC, CAMARA BOWDEN,** and **DANTEA GRAYSON** have repeatedly violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage

and overtime compensation found by the Court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

## PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

    **A.**    Pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

    **B.**    Pursuant to section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining the Defendants, their corporate successors, corporate alter egos, officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid minimum wage and overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

    **C.**    Awarding Plaintiff the costs of this action; and

    **D.**    Granting such other and further relief as may be necessary and appropriate.

    **ELENA S. GOLDSTEIN**
Deputy Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Kevin M. Wilemon
**KEVIN M. WILEMON**
Trial Attorney

Attorney for Plaintiff Martin J. Walsh
Secretary of Labor
U.S. Department of Labor
Office of the Solicitor

                                                      230 South Dearborn Street,
Suite 844
Chicago, IL 60604
Telephone: (312) 353-6973
Fax: (312) 353-5698
E-mail: wilemon.kevin@dol.gov
Illinois Bar No. 6301185