# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, )<br>)<br>)<br>) | |
| Plaintiff, ) | |
| ) | Case Number: 1:21-cv-02118 |
| v. ) | |
| ) | Hon. Edmond E. Chang |
| **ACD EMERGENCY ROAD SERVICES, LLC,** an Illinois limited liability company, **CAMARA BOWDEN**, an individual, and **DANTEA GRAYSON**, an individual, )<br>)<br>)<br>)<br>) | |
| Defendants. ) | |

## CONSENT JUDGMENT

Plaintiff, **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Plaintiff"), pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.* (the "Act"), filed a complaint against Defendants **ACD EMERGENCY ROAD SERVICES, LLC,** an Illinois limited liability company, and individuals **DANTEA GRAYSON** and **CAMARA BOWDEN** (collectively, "Defendants").

Defendants waived service of process of the complaint and admit to the jurisdiction of this Court over them and the subject matter of this action. Defendants, having been duly advised in the premises, agree to the entry of this Consent Judgment without contest. Now, therefore, upon motion of attorneys for Plaintiff and Defendants, and for cause shown:

**JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to section 17 of the Act as follows:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the Act, that Defendants, their officers, agents, servants, employees and all other persons in

1

active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

**I**

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, unless such employee receives compensation for their employment up to 40 hours in a workweek at a rate not less than the highest of the applicable federal, state, or local minimum wage. Specifically, Defendants shall not charge deductions to employees resulting in employees receiving a rate less than the highest of the applicable federal, state, or local minimum wage for their employment up to 40 hours in a workweek.

**II**

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed. Specifically, Defendants shall not:

    A.    Misclassify tow truck drivers, light truck service drivers, dispatchers, bookkeepers, and shop helpers as independent contractors rather than employees under the Act; and

B. Pay employees their regular rates for all hours worked, instead of paying the overtime premium of one and one-half times the employee's regular rate after 40 hours of work over one workweek as required by section 7 of the Act.

### III

Defendants shall not fail to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516. This includes, but is not limited to, maintaining records of all hours worked showing, adequately and accurately, the overtime premium paid exclusive of the amounts paid at the regular rate.

### IV

For a period of two years commencing with the date this Consent Judgment is entered, Defendants shall provide the following Wage and Hour Division Fact Sheets to all current and future employees: #21 (Recordkeeping Requirements under the Fair Labor Standards Act), and #23 (Overtime Pay Requirements of the Fair Labor Standards Act), which are available at https://www.dol.gov/whd/fact-sheets-index.htm.

### V

The Defendants hereby acknowledge and the Court finds that:

A. Defendant **ACD EMERGENCY ROAD SERVICES, LLC**, is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the Act.

B. Defendant **ACD EMERGENCY ROAD SERVICES, LLC**, is engaged in related activities performed through unified operation or common control for a common business

purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

C.  Defendants **DANTEA GRAYSON AND CAMARA BOWDEN** acted directly or indirectly in the interest of the corporate Defendant **ACD EMERGENCY ROAD SERVICES, LLC,** and is an "employer" under section 3(d) of the Act and is, as such, individually responsible for the obligations contained in this Consent Judgment.

## VI

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 17 of the Act, in favor of Plaintiff and against Defendants in the total amount of $160,778.82 in back wages, plus pre-judgment interest of: 1% during the period prior to January 1, 2020; 2% during the period from January 1, 2020, to December 31, 2020; and 1% during the period from January 1, 2021, to the present during the violative periods in Exhibit A.

## VII

The monetary provisions of Paragraph VI of this Consent Judgment were satisfied prior to the filing of this Consent Judgment upon Defendants' delivery to the Plaintiff's representative of the following:

A.  Information showing the name, last known address, and social security number for each person enumerated in Exhibit A. Plaintiff will be responsible for withholding Federal Insurance Contributions Act contributions, providing each person enumerated in Exhibit A with an Internal Revenue Service ("IRS") Form W-2, and providing Defendants with an IRS Form 941-X. Nothing in this Consent Judgment precludes Defendants from complying with court-issued wage deduction, child support orders, or other garnishments required by law from the payments being made pursuant to this Consent Judgment.

B.	Payment of the back wages, including the payment of pre-judgment interest, due in the amounts in Exhibit A was paid online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77692637 by Defendants on April 23, 2021, and May 7, 2021. Defendants remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

## VIII

Plaintiff shall distribute the proceeds of the payments referred to in Paragraph VII hereof to the persons enumerated in Exhibit A or to their estates, if that be necessary and any amounts of unpaid compensation not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

## IX

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, electronic payment, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, electronic payment, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Consent Judgment or the Act.

## X

Defendants, their agents, officers or employees shall not, contrary to section 15(a)(3) of the Act, threaten, retaliate, or discriminate in any way against any current or former employee of Defendants for exercising any rights under the FLSA, including, but not limited to, employee complaints regarding FLSA compliance made to Defendants or to the Wage and Hour Division of the United States Department of Labor, or cooperation with an investigation conducted by the Wage and Hour Division.

## XI

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

**FURTHER,** this Court shall retain jurisdiction of this matter to enforce the terms of this final judgment pursuant to Federal Rule of Civil Procedure 54.

DATED: June 21, 2021

*Edmond E. Chang*
HON. EDMOND E. CHANG
UNITED STATES DISTRICT JUDGE

| FOR DEFENDANTS: | FOR PLAINTIFF: |
|---|---|
| __/s/ Dantea Grayson_____<br>**DANTEA GRAYSON**<br><br>Dated: ____6/17/2021_____ | **ELENA S. GOLDSTEIN**<br>Acting Solicitor of Labor<br><br>**CHRISTINE Z. HERI**<br>Regional Solicitor |
| __/s/ Camara Bowden_____<br>**CAMARA BOWDEN**<br><br>Dated: ____6/17/2021_____ | __/s/ Kevin M. Wilemon_____<br>**KEVIN M. WILEMON**<br>Trial Attorney<br><br>Dated:__6/18/2021_____ |
| __/s/ Camara Bowden_____<br> **ACD EMERGENCY ROAD SERVICES, LLC**<br><br>By: ____Camara Bowden_____<br><br>Its: ____Owner_____<br><br>Dated: _____6/17/2021_____ | Attorneys for **MARTIN J. WALSH**<br>Secretary of Labor<br>U.S. Department of Labor<br>Plaintiff<br><br>Office of the Solicitor<br>U.S. Department of Labor<br>230 S. Dearborn St., Room 844<br>Chicago, IL 60604<br>Telephone No.: 312/353-6973<br>Fax No.: 312/353-5698<br>E-mail: wilemon.kevin@dol.gov |

Approved as to form:

___/s/ Kristine S. Phillips_____
**KRISTINE S. PHILLIPS**
Partner
O'Hagan Meyer
1 E. Wacker Drive, Suite 3400
Chicago, IL 60601

Attorneys for Dantea Grayson, Camara Bowden, and ACD Emergency Road Services, LLC

7

**EXHIBIT A**

|    | Employee | Period Covered by Workweek Ending Dates | Back Wages Due | Prejudgment Interest Due | Total Due |
|----|----------|------------------------------------------|----------------|--------------------------|-----------|
| 1  | Alleyne, Alfred | 1/13/2018 to 02/10/2018 | $207.00 | $6.76 | $213.76 |
| 2  | Anderson, Simone | 10/6/2016 to 11/3/2018 | $112.50 | $3.67 | $116.17 |
| 3  | Archie, Dominic | 3/24/2018 to 11/3/2018 | $1,517.35 | $49.56 | $1,566.91 |
| 4  | Ashford, Joshua | 11/3/2018 to 12/1/2018 | $131.25 | $4.29 | $135.54 |
| 5  | Bland, Gregory | 10/20/2018 to 12/1/2018 | $2,941.68 | $96.08 | $3,037.76 |
| 6  | Burton, Curtis L. | 04/6/2019 to 08/10/2019 | $4,372.77 | $142.82 | $4,515.59 |
| 7  | Clark, Timothy | 2/6/2016 to 2/3/2018 | $1,174.48 | $38.36 | $1,212.84 |
| 8  | Clayborne, Latauruis | 2/6/2016 to 2/3/2018 | $3,463.93 | $113.14 | $3,577.07 |
| 9  | Crawford, Alyssa | 12/12/220 to 12/19/220 | $235.63 | $7.70 | $243.33 |
| 10 | Davis, Marico | 2/7/2016 to 2/4/2018 | $4,440.10 | $145.02 | $4,585.12 |
| 11 | Davis Jr., Wilbert | 2/7/2016 to 2/4/2018 | $3,108.16 | $101.52 | $3,209.68 |
| 12 | Dobbs, Leon | 2/7/2016 to 2/4/2018 | $8,390.76 | $274.05 | $8,664.81 |
| 13 | Epps, Allonde J. | 2/6/2016 to 2/3/2018 | $4,243.81 | $138.61 | $4,382.42 |
| 14 | Flowers, Lawanna | 2/7/2016 to 2/4/2018 | $138.72 | $4.53 | $143.25 |
| 15 | Fox, Taylor | 2/7/2016 to 2/4/2018 | $655.57 | $21.41 | $676.98 |
| 16 | Gibson, Joel | 2/7/2016 to 2/4/2018 | $182.21 | $5.95 | $188.16 |
| 17 | Gordon Jr., Carnell M. | 2/7/2016 to 2/4/2018 | $239.48 | $7.82 | $247.30 |
| 18 | Gray Jr., Elliot | 2/7/2016 to 2/4/2018 | $398.00 | $13.00 | $411.00 |
| 19 | Hall, Deon | 2/7/2016 to 2/4/2018 | $1,571.08 | $51.31 | $1,622.39 |
| 20 | Herman, Quianta | 2/7/2016 to 2/4/2018 | $250.00 | $8.17 | $258.17 |

|    | Employee | Period Covered by Workweek Ending Dates | Back Wages Due | Prejudgment Interest Due | Total Due |
|----|----------|------------------------------------------|----------------|--------------------------|-----------|
| 21 | Hernandez, Christian | 2/6/2016 to 2/3/2018 | $29.25 | $0.96 | $30.21 |
| 22 | Hester, David R. | 2/7/2016 to 2/4/2018 | $10,161.44 | $331.89 | $10,493.33 |
| 23 | Hinton, James | 2/7/2016 to 2/4/2018 | $1,622.51 | $52.99 | $1,675.50 |
| 24 | Horton, Horise | 2/7/2016 to 2/4/2018 | $71.29 | $2.33 | $73.62 |
| 25 | Hughes, Contrail | 2/7/2016 to 2/4/2018 | $1,182.50 | $38.62 | $1,221.12 |
| 26 | Jackson, April | 2/7/2016 to 2/4/2018 | $412.68 | $377.72 | $11,942.44 |
| 27 | Jackson, Clarence | 2/6/2016 to 2/3/2018 | $11,564.72 | $13.48 | $426.16 |
| 28 | Johnson, Jarrett C. | 2/7/2016 to 2/4/2018 | $1,555.06 | $50.79 | $1,605.85 |
| 29 | Johnson, Rosalind | 2/7/2016 to 2/4/2018 | $348.00 | $11.37 | $359.37 |
| 30 | Jones, Courtney L. | 2/6/2016 to 2/3/2018 | $4,860.65 | $158.76 | $5,019.41 |
| 31 | Jones, Keith | 2/7/2016 to 2/4/2018 | $1,863.45 | $60.86 | $1,924.31 |
| 32 | Jones, Timothy | 2/6/2016 to 2/3/2018 | $4,749.23 | $155.12 | $4,904.35 |
| 33 | Lawrence, Paul | 2/6/2016 to 2/3/2018 | $11,958.82 | $390.59 | $12,349.41 |
| 34 | Moore, Cody | 2/7/2016 to 2/4/2018 | $144.45 | $4.72 | $149.17 |
| 35 | Morris, Sederick | 2/6/2016 to 2/3/2018 | $322.31 | $10.53 | $332.84 |
| 36 | Morrison, Cory | 10/6/2018 to 11/17/2018 | $129.95 | $4.24 | $134.19 |
| 37 | Munoz-Pompa, Jesus | 10/20/2018 to 12/1/2018 | $1,731.62 | $56.56 | $1,788.18 |
| 38 | Oatis, Jalisa | 9/8/2018 to 9/22/2018 | $84.00 | $2.74 | $86.74 |
| 39 | Perkins, Cynethia | 4/7/2018 to 4/21/2018 | $198.00 | $6.47 | $204.47 |
| 40 | Pewee, Jimmy | 12/30/2017 to 6/2/2018 | $72.71 | $2.37 | $75.08 |
| 41 | Pewee, Shanette | 10/20/2018 to 11/17/2018 | $23.16 | $0.76 | $23.92 |

|    | Employee | Period Covered by Workweek Ending Dates | Back Wages Due | Prejudgment Interest Due | Total Due |
|----|----------|------------------------------------------|----------------|--------------------------|-----------|
| 42 | Phillips, Texroy | 6/2/2018 to 9/29/2018 | $6,681.74 | $218.23 | $6,899.97 |
| 43 | Pitts Jr., Ronald | 1/27/2018 to 4/21/2018 | $3,007.46 | $98.23 | $3,015.69 |
| 44 | Ramos, Kendall | 12/30/2017 to 1/27/2018 | $2,075.62 | $67.79 | $2,143.41 |
| 45 | Sanders, Dartagnan | 12/15/2018 to 12/29/2018 | $145.75 | $4.76 | $150.51 |
| 46 | Santiago, Jose | 3/24/2018 to 4/7/2018 | $136.30 | $4.45 | $140.75 |
| 47 | Scott, Edward C. | 12/30/2017 to 12/1/2018 | $9,150.49 | $298.87 | $9,449.36 |
| 48 | Sims, Kendall | 3/10/2018 to 9/22/2018 | $1,315.45 | $42.96 | $1,358.41 |
| 49 | Slaughter, Kevin | 12/1/2018 to 12/28/2019 | $19,810.00 | $647.02 | $20,457.02 |
| 50 | Smith, Michael L. | 8/25/2018 to 9/22/2018 | $443.06 | $14.47 | $457.53 |
| 51 | Thurman, Mozel L. | 12/30/2017 to 5/5/2018 | $2,872.40 | $93.82 | $2,966.22 |
| 52 | Ukachukwu, Christopher | 9/22/2018 to 11/3/2018 | $784.80 | $25.63 | $810.43 |
| 53 | Usher, Steven | 12/30/2017 to 12/15/2018 | $20,340.68 | $664.35 | $21,005.03 |
| 54 | Williams, Darnell | 10/6/2018 to 10/20/2018 | $481.33 | $15.72 | $497.05 |
| 55 | Willis, Darnell | 12/30/2017 to 3/24/2018 | $2,193.04 | $71.63 | $2,264.67 |
| 56 | Young, Derrick | 10/20/2018 to 1/26/2019 | $480.42 | $15.69 | $496.11 |
|    | Totals |  | $160,778.82 | $5,251.24 | $166,030.06 |